UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-00814-SVW (SK)                    Date: February 10, 2022

Title        Carl Patrick Lewis v. People of the State of California

Present: The Honorable: Steve Kim, United States Magistrate Judge

|  |  |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:        Attorneys Present for Respondent:

None present                                    None present

**Proceedings:**         (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner is an inmate at Calipatria State Prison seeking federal habeas relief under 28 U.S.C. § 2254 for a conviction sustained in a Los Angeles County Superior Court.  (ECF 1 at 1-2.)  But his petition is deficient for two reasons.

First, Petitioner has named the incorrect respondent.  The proper respondent is whoever has custody over the petitioner, usually the warden of the facility where the petitioner is incarcerated.  *See Smith v. Idaho*, 392 F.3d 350, 354–55 (9th Cir. 2004).  Naming the incorrect respondent deprives this court of personal jurisdiction.  *Id.*

Second, Petitioner has provided no facts to support his asserted grounds for relief.  *See* Rule 2(c) of Rules Governing § 2254 Cases.  The only supporting facts provided are conclusory statements.  Petitioner asserts his grounds are the same as those asserted on appeal, but he included neither his appellate brief(s) nor petition for review.  *See Barnett v. Duffey*, 621 F. App'x 496, 497 (9th Cir. 2015) ("[A] federal habeas petitioner adequately pleads an otherwise ambiguous claim by making 'clear and repeated' references to an appended supporting brief that presents the claim with sufficient particularity." (citation omitted)).

Petitioner is thus **ORDERED TO SHOW CAUSE** on or before **March 10, 2022** why his petition should not be dismissed for lack of jurisdiction and failure to comply with the Rules Governing § 2254 Cases.  To discharge this order, Petitioner may file an amended petition using the attached Form CV-69 that fixes these deficiencies.  If he no longer wishes to purse this petition, he may voluntarily dismiss it using the attached Form CV-09.  Failure to comply with this order may result in involuntary dismissal of the petition for failure to prosecute and obey court orders.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.